Nott, J.,
concurring:
The finding of the court does not draw from the evidence what I deem to be its material facts. As I deduce them, the cotton was bought on the other side of the fixed military lines of the United States, while the claimant was residing on this; the purchase was made by an agent under an authority, and with funds previously given; no 1 communications passed between the principal and agent after the military lines came between them; nor was aught done by either, which the law, as declared by the Supreme Court, forbade.
These facts make the case,- in my j udgment, precisely like that' of Bernheimer, as to the non-intercourse acts, and it should abide by the ruling in that case.
I do not agree to the construction given to the non-intercourse act and to the proclamation thereunder. It was intended by Congress that no person on one side of our fixed military lines should hold commercial intercourse with any person on the other. Whether the fixed military lines ran with the fixed political and geographical lines of States, or otherwise, I deem to be immaterial. Nor do I believe that it was intended that persons residing within portions of the seceded States which our armies might reconquer, were to retain privileges and immunities of commercial intercourse with the enemy denied to loyal *620 citizens of States never guilty of rebellion. The object of the statute was to preclude from, aiding- the rebellion the wealth and products of the loyal territory. Commercial intercourse lost none of its power by starting from Nashville instead of New York.